UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **Luz Arroyo** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL NO. 1:22-CV-00093 |
| | § | |
| | § | |
| **UNUM Life Insurance Company** | § | |
| **of America** | § | |
| | § | |
| | § | |
| *Defendant* | § | |

## COMPLAINT WITH JURY DEMAND

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Luz Arroyo, Plaintiff herein, complaining of UNUM Life Insurance Company of America, (hereinafter referred to as "UNUM"), and for cause of action would show:

1. Plaintiff is a citizen of Texas. She has a fixed residence in Texas with the intent to remain there indefinitely. Her fixed residence is in Round Rock, Williamson County, Texas.

2. Defendant, UNUM, is an insurance corporation duly and legally formed under the laws of the state of Maine, which is authorized to conduct and does business in the State of Texas, and may be served with citation herein by serving its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

3. Jurisdiction is appropriate in this court as the matter in controversy arises between citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332.

4. All conditions precedent to Plaintiff's recovery under all causes of action against Defendant,

UNUM, set forth herein have been performed or have occurred.

5. By virtue of her employment with Austin Community College, Plaintiff was eligible for disability benefits with UNUM.

6. Plaintiff entered into a contract with UNUM. UNUM promised to pay benefits under disability policies in exchange for premiums paid by Plaintiff.

7. Plaintiff was employed as a Human Resources Coordinator by Austin Community College when she became disabled as a result of injuries sustained in an automobile accident on September 22, 2019, including an injury to her hands resulting in diffusive bilateral hand pain, difficulty gripping and lifting objects, left thumb CMC osteoarthritis and eventual left thumb trapezial excisional arthroplasty.

8. UNUM received her claim for benefits on February 21, 2020. It acknowledged receipt of the claim on February 24, 2020 and requested a completed Employer section (claim form) and Attending Physician section (claim form.) UNUM received the employer statement on March 6, 2020. It received the requested Attending Physician Statement on April 24, 2020.

9. UNUM initially approved Plaintiff's claim on May 15, 2020, It quickly reversed its decision, denying her claim on May 22, 2020. UNUM contends Plaintiff did not meet the definition of disability under the Plan after that date.

10. Plaintiff filed an appeal of UNUM's discontinuation of her benefits. UNUM denied the appeal on October 14, 2020. Ms. Arroyo's administrative remedies are exhausted.

11. Defendant UNUM breached its contract of insurance with plaintiff. Although Plaintiff submitted a claim under her policy, Defendant wrongfully discontinued benefits which should have been covered.

12. Plaintiff's long term disability contract provides benefits to Plaintiff to age 65 so long as Plaintiff continues to be disabled.

13. In addition to breaching its contract of insurance, Defendant violated certain provisions of the Texas Insurance Code.

   A.   Section 542.003 (b)(3) – Defendant failed to adopt and implement reasonable standards for the prompt investigation of claims arising under its policy.

   B.   Section 542.003 (b)(4) – Defendant did not attempt in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability was reasonably clear.

   C.   Section 542.003 (b)(5) – Defendant compelled Plaintiff to institute a suit to recover an amount due under the policy by offering substantially less than the amount recovered at trial.

   D.   Section 542.051 *et. seq.* Specifically, UNUM:

      1.   Failed to notify Plaintiff of the acceptance or rejection of her claim prior to the 15th day after it received items, forms, and statements it required in its February 24, 2020 correspondence, in contravention of Texas Insurance Code § 542.056(a); and

      2.   Delayed payment of Plaintiff's claim for more than 60 days beyond April 24, 2020, in contravention of Texas Insurance Code § 542.058(a).

14. All of the above violations fall under Subchapter 542 of the Texas Insurance Code. Plaintiff is, therefore, entitled under the Insurance Code to recover her damages, plus reasonable attorney's fees and expenses, and interest at a rate of 18% under § 542.060 of the Texas Insurance Code.

15. The conduct described in this Complaint was a producing and proximate cause of damage to Plaintiff.

16. Pleading further, Plaintiff would show that she is entitled to declaratory relief, pursuant to 28 U.S.C § 2201 and Fed. R. Civ. P. 57. The conduct of Defendant, as described above, creates uncertainty and insecurity with respect to Plaintiff's rights, status, and other legal relations with Defendant. Plaintiff, therefore, requests this Court exercise its power and declare the specific rights and status of the parties herein. Specifically, Plaintiff requests this Court review the facts and attending circumstances and declare that she is disabled as that term is defined by the policy.

17. Plaintiff hereby makes application and demand for jury trial of this cause.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear herein and answer, and that Plaintiff recover her damages, statutory additional damages, treble damages, exemplary damages, reasonable attorney's fees, and costs incurred in prosecuting this lawsuit as well as pre- and post-judgment interest at the highest lawful rates, costs of court, clarification of his right to receive future benefits under the policy, and for such other general relief to which Plaintiff may show herself justly entitled under the attending facts and circumstances.

Respectfully submitted,

Bemis, Roach & Reed
4100 Duval Rd.,
Bldg. 1, Ste. 200
Austin, Texas 78759
(512) 454-4000
(512) 453-6335 (facsimile)
greg@brrlaw.com

By: _____
GREG REED
State Bar No. 16677750

5